# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 28, 2014 Session

## *IN RE* SHAINNA S. C., ET AL.

**Appeal from the Juvenile Court for Bradley County**
**No. J05325     Daniel Ray Swafford, Judge**

---

**No. E2014-00407-COA-R3-PT-FILED-AUGUST 28, 2014**

---

This is an appeal by Joseph C. from an order terminating his parental rights to his two minor children, Shainna S. C. and Jason L. C.  Because the record does not support the trial court's finding that the Department of Children's Services (DCS) proved by clear and convincing evidence the only ground relied upon in support of the termination of the appellant's parental rights to his children, we vacate the order and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., CHARLES D. SUSANO, JR., C.J., AND D. MICHAEL SWINEY, J.

Wilton A. Marble, Jr., Cleveland, Tennessee, for the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter, and Leslie Curry, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Jodi Reece Harris Schaffer, Ooltewah, Tennessee, Guardian Ad Litem.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The trial court in terminating the appellant's parental rights to his children relied only upon the ground of substantial noncompliance with permanency plans dated October 20, 2011, and September 17, 2012. However, these permanency plans were never introduced into evidence in the proceedings below. Based upon this deficiency in the record, DCS filed a motion asking this Court to vacate the order terminating the appellant's parental rights and remand the case to the trial court for further proceedings. We agree that the record, without the permanency plans, does not support the conclusion that DCS proved by clear and convincing evidence that appellant was in substantial noncompliance with the identified permanency plans.

This Court "has previously held that when DCS is relying on substantial noncompliance with the permanency plan as a ground for termination of parental rights, it is essential that the plan be admitted into evidence." *In Re T. N. L. W.*, No. E2006-01623-COA-R3-PT, 2007 WL 906751, * 4 (Tenn. Ct. App., Eastern Section, Mar. 26, 2007); *see also, e.g.*, *In Re Brandon T.*, No. M2009-02459-COA-R3-PT, 2010 WL 3515677, * 4 n.5 (Tenn. Ct. App., Middle Section, Sept. 8, 2010). Without the introduction of the permanency plans into evidence, DCS failed to prove by clear and convincing evidence that the appellant was in substantial noncompliance with said plans. *See In Re Brandon T.*, 2010 WL 3515677, at * 4 n.5 (citing *In Re T.N.L.W.*, 2007 WL 906751, at * 4).

Accordingly, we grant DCS's motion, vacate the order terminating the appellant's parental rights to his children, and remand for further proceedings. Costs on appeal are taxed to DCS, for which execution may issue if necessary.

**PER CURIAM**